NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EDWARD ZANDER, PETITIONER, v. BERGEN MARKET COMPANY, RESPONDENT.

For the petitioner, *Joseph Suravsky.*

For the respondent, *Frank G. Turner.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

From the evidence it appeared that on March 7th, 1928, the petitioner was employed by the respondent at its meat market at 501 Jackson avenue, Jersey City, New Jersey. From the evidence it appeared that on March 7th, 1928, the

petitioner was carrying a hind-quarter of beef to the ice-box and opened the ice-box door for the purpose of hanging the beef on a hook provided for that purpose. The petitioner testifies that while hanging the hind-quarter of beef, his foot slid along the floor, sideways about two feet, but he did not fall and did not go to his knees and the beef did not fall, but hung on the hook. The petitioner demonstrated the alleged happening before the court and his demonstration failed to establish an accident. The motion made by the petitioner's foot at the time of hanging the beef, is such a motion as could ordinarily be made and probably would be made by one hanging up a weight such as this is described to be. The petitioner says that he felt a sharp sting in his spine, or the small part of his back. He continued working during the entire afternoon of that day and lost no work from that time until August 25th, 1928. On the last mentioned date he left his employment. The petitioner testifies that about two weeks after the above happening, he saw the secretary of the respondent company and informed him that he had strained his back. He did not inform the secretary that he had suffered an accident and did not describe any happening of an accidental nature to the secretary. The petitioner testifies that while although in previous years he had been in the habit of lifting quarters of beef and handling heavy weights, during the last three years he had not handled such heavy weights, and had made it a point to have his helper lift the quarters of beef and handle the heavy weights. While he says that the reason for this was not because of his suffering from disease in his back, nevertheless, the fact of itself corroborates the testimony of the respondent to the effect that the petitioner has long been suffering from a condition of the back which is caused by disease. The respondent denies that there was an accident and has paid no compensation to the petitioner and alleges that the only condition from which the petitioner suffers is a condition of disease. This condition of disease was not caused and was not aggravated by the alleged happening described by the petitioner. The petitioner suffers from a scoliosis, which is in no way related to the alleged

happening of March 7th, 1928, but which is due to systemic poisoning which the petitioner suffers from at least two sources as shown by the medical testimony. His tonsils are diseased and his teeth and gums are diseased, so that the poison from these two sources at least enters the blood stream and thereby caused the condition from which the petitioner suffered on August 25th, 1928. This condition of toxic poisoning, under treatment, has now so far improved that the petitioner is working at his trade two days per week and receiving wages of $15 weekly therefor.

*     *     *     *     *     *     *

CHARLES E. CORBIN,
*Deputy Commissioner.*